UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN DEAN BOURN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LEE LAWSON, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-0850 KJM DB PS<br><br><br>ORDER |

　　　　Plaintiff, Alvin Bourn, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the court is plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1 & 2.)

　　　　The court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Here, plaintiff's complaint is deficient in several respects.  Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

**I.　　Plaintiff's Application to Proceed In Forma Pauperis**

　　　　Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to

1  proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that
2  the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th
3  Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see
4  also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the
5  district court did not abuse its discretion by denying McGee's request to proceed IFP because it
6  appears from the face of the amended complaint that McGee's action is frivolous or without
7  merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court
8  to examine any application for leave to proceed in forma pauperis to determine whether the
9  proposed proceeding has merit and if it appears that the proceeding is without merit, the court is
10 bound to deny a motion seeking leave to proceed in forma pauperis.").

11       Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of
12 poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to
13 state a claim on which relief may be granted, or seeks monetary relief against an immune
14 defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an
15 arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.
16 Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a
17 complaint as frivolous where it is based on an indisputably meritless legal theory or where the
18 factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

19       To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
20 state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
21 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as
22 true the material allegations in the complaint and construes the allegations in the light most
23 favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
24 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
25 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by
26 lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true
27 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western
28 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

## II.  Plaintiff's Complaint

Plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, plaintiff's complaint consists of 79 pages of vague and conclusory allegations. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Moreover, the complaint asserts 17 causes of action. However, the complaint asserts only two grounds for federal question jurisdiction over this action.[1] In this regard, the complaint alleges multiple violations of 42 U.S.C. § 1983.

////

////

////

---

[1] Because there is not complete diversity of citizenship, the court would have only supplemental jurisdiction over the complaint's state law causes of action. A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

> Title 42 U.S.C. § 1983 provides that,[e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a cognizable claim under § 1983 the plaintiff must allege facts demonstrating that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is the plaintiff's burden in bringing a claim under § 1983 to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived him of a federal right. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Here, plaintiff's complaint fails to establish that the named defendants were acting under color of state law when they deprived him of a federal right. To the contrary, the complaint alleges that the defendants consist of River City Bank, Lee Lawson—plaintiff's "BAD SON"—Lawson's attorneys, the creator of a trust, and an alleged trustee. (ECF No. 1 at 8, 17, 19.)

The complaint also asserts a civil RICO claim. To state a RICO claim, a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to plaintiff's business or property. Sanford v. Memberworks, Inc., 625 F.3d 550, 557 (9th Cir. 2010); Walter v. Drayson, 538 F.3d 1244, 1247 (9th Cir. 2008); Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996). The alleged enterprise must exist "separate and apart from that inherent in the perpetration of the alleged [activity]." Chang v. Chen, 80 F.3d 1293, 1300-01 (9th Cir.1996). A "pattern of racketeering activity" means at least two criminal acts enumerated by statute. 18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire fraud, and financial institution fraud). These so-called "predicate acts" under RICO must be alleged with specificity in compliance with Rule 9(b) of the Federal Rules of Civil Procedure. Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400-01 (9th Cir. 2004); see also Lancaster Community Hospital v. Antelope Valley Hospital Dist., 940 F.2d 397, 405 (9th Cir. 1991) (holding with respect to the predicate act of mail fraud that a plaintiff must allege with "particularity the time, place, and manner of each act of fraud,

4

1  plus the role of each defendant in each scheme"); Alan Neuman Productions, Inc. v. Albright, 862
2  F.2d 1388, 1392-93 (9th Cir. 1988); Pineda v. Saxon Mortgage Services, No. SacV 08-1187 JVS,
3  2008 WL 5187813, at *4 (C.D. Cal. Dec. 10, 2008) ("It is not enough for [plaintiff] to rely on
4  mere labels and conclusions" to establish a RICO claim but rather, plaintiff must give each
5  defendant notice of the particular predicate act it participated in and must allege each predicate
6  act with specificity).
7        Here, the complaint fails to allege specific facts sufficient to meet the heightened pleading
8  requirements applicable to fraud claims under Rule 9(b).  In this regard, the complaint alleges that
9  each of the complaint's counts "are racketeering acts and/or omissions, which must be determined
10 by UNANIMOUS JURY TRIAL . . . ."  (ECF No. 1 at 56.)  The complaint also alleges simply
11 that "each Defendants' acts and/or omissions in this matter, constitute the 'predicate act'
12 requirement under RICO . . . ."  (Id.)
13       Accordingly, in light of the deficiencies noted above, plaintiff's complaint will be
14 dismissed for failure to state a cognizable claim.

**III.  Leave to Amend**

16       The undersigned has carefully considered whether plaintiff may amend the complaint to
17 state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend
18 include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v.
19 Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n
20 v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to
21 amend shall be freely given, the court does not have to allow futile amendments).  However,
22 when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed
23 "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his
24 claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.
25 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972); see also Weilburg v. Shapiro, 488
26 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is
27 proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by
28 amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**IV.     Conclusion**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The complaint filed April 25, 2016 (ECF No. 1) is dismissed with leave to amend.[2]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[3] The amended complaint must bear the case

---

[2] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[3] Alternatively, if plaintiff no longer wishes to pursue this action he may file a notice of

number assigned to this action and must be titled "Amended Complaint."

    3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: November 30, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/bourn0850.dism.lta.ord

voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

7